**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jason Donn Lee, Appellant.

Appellate Case No. 2019-001977

_____

Appeal From Lexington County
Thomas W. Cooper, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2023-UP-257
Submitted June 1, 2023 – Filed July 5, 2023

_____

**AFFIRMED**

_____

Appellant Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

_____

**PER CURIAM:** Jason Donn Lee appeals his convictions for murder and first-degree burglary. He argues the circuit court erred in denying his motions to suppress electronic records the State obtained from several companies located out of state.

Lee's main argument is based on his reading of section 17-13-140 of the South Carolina Code (2014). That statute requires the judge issuing a warrant to "hav[e] jurisdiction over the area where the property sought is located." *Id.* A Lexington magistrate issued search warrants for most of the records in question. Lee contends the magistrate lacked the power to issue the warrants because South Carolina judges do not have jurisdiction over electronic records located outside of the state.

Lee's main argument has a counterpart. A circuit court judge issued additional search warrants for certain phone records pursuant to the Stored Communications Act, 18 U.S.C. §§ 2701-2712. Lee argues these warrants are invalid too because federal law requires state judges to follow state warrant procedures. *See* 18 U.S.C. § 2703. That, in Lee's view, points back to the same state statute—section 17-13-140—and the same alleged jurisdictional defect.

Our supreme court addressed this issue in *State v. Warner*, 436 S.C. 395, 872 S.E.2d 638 (2022). There, an Anderson County magistrate issued a warrant to T-Mobile's Law Enforcement Relations Group in New Jersey for cell-site location information. *Id.* at 399, 872 S.E.2d at 640. Our supreme court analyzed the validity of the warrant and held the magistrate had the power to issue the warrant. *Id.* at 402-04, 872 S.E.2d at 641-42. It reasoned,

> T-Mobile clearly does business in South Carolina, in particular, in Anderson County. T-Mobile, therefore, is subject to the jurisdiction of an Anderson County magistrate. The warrant sought records reflecting information generated in South Carolina through the interaction of Warner's cell phone and cell towers in Anderson County. While the T-Mobile office to which officers were told to send the warrant is located in New Jersey, section 17-13-140 specifically provides, "The property described in this section . . . may be seized . . . from the person, possession or control of any person who shall be found to have such property in his possession or under his control." T-Mobile is in possession and control of property that section 17-13-140

> permits to be seized.  T-Mobile is a "person" doing business in Anderson County.  Thus, T-Mobile is subject to the jurisdiction of our courts . . . .

*Id.* at 403-04, 872 S.E.2d at 642.  The mandate in *Warner* included a remand, but only for a ruling on whether probable cause supported the warrants, not whether the magistrate had jurisdiction to issue them.  *Id.* at 404-05, 872 S.E.2d at 642-43.

*Warner* is directly on point.  Like T-Mobile in *Warner*, the warrants in this case were directed to entities doing business in South Carolina, and the warrants sought records of a person residing in South Carolina.  Unlike *Warner*, Lee does not argue the warrants were not supported by probable cause.  In light of these facts, there is no question the warrants were valid.

Because the warrants were valid, we need not address the State's arguments involving the third-party doctrine, the good faith exception, or harmless error.  Lee's brief occasionally references the South Carolina Constitution's right of privacy, but a decision upholding the warrants as valid necessarily defeats the argument that police violated Lee's privacy in acquiring this information.  Therefore, Lee's convictions are

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.